## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SHAMEL JONES**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**EMPLOYEES OF THE DOC OF PA AT SCI-PHOENIX, et al.**<br><br>**Defendants.** | **CIVIL ACTION NO.  22-2386** |

## <u>ORDER</u>

**AND NOW,** this 22nd day of March 2024, upon consideration of Defendant Stephen Kaminsky's Motion to Dismiss [Doc. No. 38], Defendant Dr. DeSantis's Motion to Dismiss [Doc. No. 52], and the responses and replies thereto, and for the reasons stated in the accompanying Memorandum Opinion, it is hereby **ORDERED** that:

1. The Motions to Dismiss [Doc. Nos. 38, 52] are **GRANTED**. Jones's claims against Defendants Kaminsky and DeSantis in their individual capacities are **DISMISSED without prejudice** to Jones filing an Amended Complaint. When drafting his Amended Complaint, Jones should be mindful of the Court's reasons for dismissing the claims in his Complaint, as explained in the Court's Memorandum Opinion.

2. The Clerk of Court is **DIRECTED** to amend the caption to correct the spelling of Defendant Kaminsky's name from "PA. Keminsky" to "PA Stephen Kaminsky."

3. If Jones does not wish to amend his Complaint, and he intends to stand on his original Complaint instead, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the

case. Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.[1]

4.      If Jones fails to file any response to this Order, the Court will conclude that Jones intends to stand on his Complaint and will issue a final order dismissing this case.[2]

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____

CYNTHIA M. RUFE, J.

---

[1] *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.") (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976)); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court "expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

[2] *See Weber*, 939 F.3d at 239–40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint). The six-factor test announced in *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible.") (citing cases).