IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHAMEL JONES<br><br>**Plaintiff,**<br><br>v.<br><br>EMPLOYEES OF THE DOC OF PA AT SCI-PHOENIX, DR. DESANTIS, and PA STEPHEN KAMINSKY<br><br>**Defendants.** | CIVIL ACTION NO. 22-2386 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                                          **July 8, 2025**

Plaintiff Shamel Jones, a prisoner previously incarcerated at SCI-Phoenix, filed this suit *pro se* under 42 U.S.C. § 1983 based on medical treatment he received for side effects he experienced after receiving the COVID-19 vaccine. The Court dismissed the Complaint and granted Plaintiff leave to file an amended complaint. Defendants Dr. DeSantis and Stephen Kaminsky, PA, have now moved to dismiss the Amended Complaint. For the reasons explained below, the Court grants Defendants' Motion to Dismiss, and Jones's Amended Complaint will be dismissed with prejudice.

I.   **BACKGROUND**[1]

   A.   **Factual Background**

On April 8, 2021, Plaintiff received the Johnson & Johnson COVID-19 vaccine from a nurse practitioner at SCI-Phoenix.[2] After receiving the vaccine, Plaintiff began experiencing severe and extreme headaches behind his eyes, back pain, a burning sensation in his right arm that traveled down to his right hand and fingers, and numbness in his hand and fingers.[3] Plaintiff alleges that the needle was inserted too deep into his arm and "hit a nerve," causing temporary damage.[4]

Plaintiff submitted multiple sick calls for these symptoms.[5] On April 12, 2021, after submitting three sick calls on consecutive days without being seen, Plaintiff filed an administrative grievance (Form DC-804) with the Pennsylvania Department of Corrections ("DOC") alleging an Eighth Amendment violation and deliberate indifference.[6] Plaintiff alleges the DOC's medical staff must have been aware of his requests for medical attention because he had been placing them inside of his cell door and a nurse regularly stopped by Plaintiff's cell to administer his medications.[7]

Plaintiff was seen and assessed at least twice by two different members of the DOC medical staff, Dr. DeSantis and PA Kaminsky.[8] In an assessment conducted by Defendant

---

[1] The facts alleged in the Amended Complaint are taken as true for the purposes of the Motion to Dismiss. Much of the factual and procedural background in this case can be found in the Court's Memorandum Opinion dismissing the Complaint. [Doc. No. 80]. The relevant background is repeated here as necessary to provide context.

[2] Am. Compl. ¶ 13 [Doc. No. 92].

[3] Am. Compl. ¶ 14 [Doc. No. 92].

[4] Am. Compl. ¶ 50 [Doc. No. 92].

[5] Am. Compl. ¶¶ 14, 17, 18, 20 [Doc. No. 92].

[6] Am. Compl. ¶ 21 [Doc. No. 92].

[7] Am. Compl. ¶ 22 [Doc. No. 92].

[8] Am. Compl. ¶¶ 24, 48 [Doc. No. 92]. As discussed below, Plaintiff changes the timeline of when he was seen by Defendant DeSantis from April 12, 2021, to May 1, 2021. *Compare* Compl. ¶¶ 20-23 [Doc. No. 1] *with* Am. Compl.

DeSantis, Defendant DeSantis determined that Plaintiff had good pulses, warm digits, good capillary refill, no signs of any infection at injection site, and that Plaintiff reported numbness since receiving the vaccine.[9] Defendant DeSantis placed Plaintiff on a short steroid course and determined there was no need for a follow-up visit.[10]

Plaintiff submitted another sick call and was then seen by Defendant Kaminsky.[11] Defendant Kaminsky performed an assessment and came to the same conclusions as Defendant DeSantis: Plaintiff presented with a good pulse, no signs of infection, and numbness at the injection site.[12] Defendant Kaminsky determined Plaintiff was in overall good health, wasn't suffering from any serious medical needs, and provided Plaintiff with Tylenol for his pain.[13] Around this same time, Plaintiff also requested blood tests to determine what was causing his symptoms, which Defendants declined.[14]

Since the facts alleged in his Amended Complaint, Jones has been transferred to SCI-Greene.

### B. Procedural Background

On June 15, 2022, Jones filed his Complaint in this § 1983 action against Dr. DeSantis, PA Kaminsky, Nurse Peay, and other "employees of the DOC," raising Eighth Amendment claims.[15] Plaintiff moved to voluntarily dismiss Nurse Peay from the case, which was granted on

---

¶¶ 24, 26, 28 [Doc. No. 92]. He also changes the timeline of when he was seen by PA Kaminsky from April 16, 2021, to April 22, 2021. *Compare* Compl. ¶ 26 [Doc. No. 1] *with* Am. Compl. ¶ 48 [Doc. No. 92].

[9] Am. Compl. ¶ 29 [Doc. No. 92].

[10] Am. Compl. ¶ 30 [Doc. No. 92].

[11] Am. Compl. ¶ 48 [Doc. No. 92].

[12] Am. Compl. ¶ 49 [Doc. No. 92].

[13] Am. Compl. ¶ 50, 62 [Doc. No. 92].

[14] Am. Compl. ¶ 67, 76, 77, 86 [Doc. No. 92].

[15] Compl. [Doc. No. 1].

February 9, 2023.[16] Defendants filed separate motions to dismiss. On March 22, 2024, the Court granted Defendants' Motion to Dismiss without prejudice, allowing Jones to amend his Complaint to cure the defects identified in the Court's opinion. Specifically, the Court denied Jones's Complaint because "Plaintiff has not alleged facts demonstrating that Defendants denied reasonable requests for the treatment of his serious medical needs. Nor has Plaintiff alleged facts demonstrating that the 'provision of medical care was both inadequate and motived by improper or non-medical reasons.'"[17] The Court explained that "Jones should be mindful of the Court's reasons for dismissing the claims in his Complaint" should he file an amended complaint.[18]

On May 6, 2024, Plaintiff filed his Amended Complaint, which names only Defendants DeSantis and Kaminsky.[19] Defendants filed a Motion to Dismiss the Amended Complaint, and Plaintiff has filed a brief in opposition. In the interim, the case was subject to an automatic stay pending Defendants' employer's bankruptcy proceedings.[20] Now that Defendants' employer has emerged from bankruptcy, Defendants agree that the Motion to Dismiss is ripe for disposition.[21]

## II. LEGAL STANDARD[22]

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a

---

[16] Order [Doc. No. 19].

[17] Mem. Op. at 10 [Doc. No. 80].

[18] Order [Doc. No. 81].

[19] Am. Compl. [Doc. No. 92].

[20] *See* Suppl. Sugg. Bankr. & Notice Stay [Doc. No. 114]; Order [Doc. No. 115].

[21] June 23, 2025 Letter [Doc. No. 122].

[22] Plaintiff has already been granted leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Defendants have also moved to dismiss the Complaint pursuant to Rule 12(b)(6). Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Rule 12(b)(6).

4

claim to relief that is plausible on its face.'"[23] "At this early stage of the litigation, [the Court must] accept the facts alleged in [the] *pro se* complaint as true, draw all reasonable inferences in [Plaintiff's] favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible . . . claim."[24] Because Plaintiff is proceeding *pro se*, the Court construes his allegations liberally.[25] However, Plaintiff must plead "more than labels and conclusions," and "[f]actual allegations must be enough to raise the right to relief above the speculative level."[26] A court may deny further leave to amend where the plaintiff was put on notice as to the deficiencies of their complaint, but failed to resolve them in an amended complaint.[27]

### III.  DISCUSSION

Plaintiff brings this lawsuit under 42 U.S.C. § 1983, which permits claims asserting the deprivation of constitutional rights against any person acting under color of law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."[28] Plaintiff alleges that Defendants DeSantis and Kaminsky were deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment's protection against cruel and unusual punishment. Specifically, he contends that

---

[23] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).

[24] *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)) (citation modified).

[25] *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

[26] *Twombly*, 550 U.S. at 555 (citation omitted).

[27] *See Krantz v. Prudential Invs. Fund Mgmt., LLC*, 305 F.3d 140, 144 (3d Cir. 2002).

[28] *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted).

Defendants failed to provide adequate treatment for the side effects he experienced after he received the Johnson & Johnson COVID-19 vaccine.

"To succeed on an Eighth Amendment medical needs claim, a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to [his] medical needs and (2) an objective showing that those needs were serious."[29] A serious medical need is "one that has been diagnosed by a physician as requiring treatment or is so obvious that a lay person would easily recognize the necessity for a doctor's attention."[30] Deliberate indifference may exist when "prison authorities deny reasonable requests for medical treatment," "knowledge of the need for medical care is accompanied by the intentional refusal to provide it," or "prison authorities prevent an inmate from receiving recommended treatment for serious medical needs."[31] Courts have also found plausible claims of deliberate indifference "when a prisoner alleges that the provision of medical care was both inadequate and motivated by improper or non-medical reasons."[32] However, allegations of medical malpractice and "mere disagreement as to the proper medical treatment" are not sufficient to show a constitutional violation.[33]

The facts Plaintiff alleges are these: he experienced a variety of concerning and severe symptoms after he received the COVID-19 vaccine; he submitted sick calls for these symptoms; he was seen and assessed by medical staff; and he was provided a steroid course and Tylenol for his symptoms. The Amended Complaint adds no substantive factual allegations that would

---

[29] *Beckett v. Grant*, No. 19-3717, 2022 WL 485221, at *3 (3d Cir. Feb. 17, 2022) (internal quotation marks omitted) (citing *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017)).

[30] *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 3447 (3d Cir. 1987) (citation omitted).

[31] *Pearson*, 850 F.3d at 538 (citing *Monmouth Cnty. Corr. Inst. Inmates*, 834 F.2d at 347).

[32] *Buehl v. Wexford Health Sources, Inc.*, No. 16-822, 2017 WL 914275, at *7 (M.D. Pa. Mar. 8, 2017).

[33] *Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *see also Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

establish that Defendants were deliberately indifferent to Plaintiff's serious medical needs. Rather, Plaintiff adds mostly legal conclusions and bare allegations that the Defendants "violated plaintiff's constitutional rights when defendant[s] acted with deliberate indifference to an inmate's serious medical needs."[34] But the Court cannot allow an Amended Complaint to survive a Motion to Dismiss on "labels and conclusions."[35]

The only factual allegation added to the Amended Complaint is that Plaintiff now alleges that he was first seen on May 1, 2021, leaving him to suffer for 24 days after he filed his first sick call. The timing of the medical attention Plaintiff received is unclear in his Amended Complaint and belied by the record evidence he provides in Brief in Opposition of Defendants' Motion to Dismiss.[36] Plaintiff alleges in his Amended Complaint that he was first seen on May 1, 2021, by Defendant DeSantis. He then alleges that he was seen by Defendant Kaminsky on April 22, 2021, for sick calls he submitted *after* he was seen by Defendant DeSantis. The exhibits provided by Plaintiff demonstrate, however, that he was seen by a nurse on April 11, Defendant DeSantis on April 12, and Defendant Kaminsky on April 16, 2021.[37] The Court does not find this single new factual allegation sufficient to plausibly state a claim upon which relief can be granted, given that Plaintiff's own exhibits contradict his assertions.

As Defendants argue, the Amended Complaint alleges a disagreement with the course of treatment, rather than deliberate indifferent to Plaintiff's serious medical needs. "Where a prisoner has received some amount of medical treatment, it is difficult to establish deliberate

---

[34] Am. Compl. ¶ 31 [Doc. No. 92] (citation modified); *see also, e.g.*, Am. Compl. ¶¶ 38, 40, 50, 54, 57, 59, 63, 64, 65, 66, 67, 68, 69, 71, 72, 73, 74, 75, 76 [Doc. No. 92].

[35] *Twombly*, 550 U.S. at 555 (citation omitted).

[36] Moreover, Plaintiff urges in his Amended Complaint that his sick calls were ignored for 24 days. However, his original complaint explains that he was seen for a sick call at the latest 3 days after his initial sick call. This discrepancy, combined with the record evidence provided by Plaintiff, is difficult for the Court to reconcile.

[37] Pl.'s Br. Opp'n Defs.' Mot. Dismiss Ex. 13 at ECF page 30 [Doc. No. 99].

indifference, because prison officials are afforded considerable latitude in the diagnosis and treatment or prisoners."[38] Thus, Courts generally defer to prison officials' professional medical judgment, which is presumed to be valid unless it is such a substantial departure from professional judgment, practice or standards as to demonstrate that the doctor did not base the decision on such a judgment.[39] Here, Plaintiff alleges that he received treatment: Defendants both evaluated him, came to the same conclusion, and provided him a steroid course and Tylenol. While Plaintiff disagrees with the adequacy of the treatment he received, such disagreement is not a basis for an Eighth Amendment deliberate indifference claim.

Despite notice from the Court on what allegations the Complaint lacked, Jones has failed to allege facts in the Amended Complaint demonstrating that Defendants denied reasonable requests for the treatment of his serious medical needs, nor has he alleged facts demonstrating that the "provision of medical care was both inadequate and motivated by improper or non-medical reasons."[40] Accordingly, his Amended Complaint will be dismissed.

## IV.   CONCLUSION

Mr. Jones has failed to plausibly allege facts to establish deliberate indifference claims against Defendants DeSantis and Kaminsky. The Court will grant the Motion to Dismiss with prejudice, as further amendments would be futile.[41] An order will be entered.

---

[38] *Hayes v. Gilmore*, 802 F. App'x 84, 88 (3d Cir. 2020) (per curiam). *See also Ryle v. Fuh*, 820 F. App'x 121, 123 (3d Cir. 2020); *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993).

[39] *Soto-Muniz v. Martin*, 665 F. App'x 226, 228 (3d Cir. 2016) (quoting *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990)) (quotation marks omitted).

[40] *Buehl*, 2017 WL 914275 at *7.

[41] *See Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (finding amendment by *pro se* litigant would be futile when litigant "already had two chances to tell his story").